[Crim. No. 1996.   Second Appellate District, Division Two.—November 20, 1930.]

THE PEOPLE, Respondent, v. CHARLES VALLIER, Appellant.

Charles J. Orbison for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

SCHMIDT, J., *pro tem.*—Appellant was convicted in the lower court of murder in the second degree, and from the judgment and order denying his motion for a new trial has appealed to this court.

On the evening of February 15, 1930, appellant was engaged in a pool game in a room on Central Avenue in the city of Los Angeles with one Jess McDonald, with $3

wagered on the result of the game. It seems that the decedent, Elijah Wade, was the backer of McDonald and toward the close of the game injected himself into the game by various remarks addressed to appellant. Upon appellant's remonstrance the decedent Wade used abusive and boisterous language to appellant, resulting in a belligerent attitude between Wade and appellant, each toward the other, the former having picked up a pool ball, apparently with the intent of throwing same at appellant, and appellant taking his cue by the smaller end in an attitude of striking Wade. Before further trouble, however, others in the room stepped between the belligerents, among them one Flournoy, the pool-hall manager, who succeeded in having Wade leave the hall. As Wade was leaving he uttered some threats at appellant and then, accompanied by a cousin by the name of Miller, went north on Central Avenue. Up to this point there is no substantial conflict in the evidence. Shortly afterward appellant left the pool-hall and some seventy-five feet northerly therefrom overtook Wade and Miller. The evidence is in conflict as to the length of time that appellant remained in the pool-hall before leaving to go north on Central Avenue; the evidence is conflicting as to whether appellant overtook Wade and Miller, or whether, as appellant was hurrying northerly on Central Avenue, Wade and Miller stepped from between two automobiles in the street and accosted appellant. The evidence also is in conflict as to whether anything was said or done toward appellant by either Wade or Miller immediately prior to appellant's striking Wade with his pocket-knife, or whether appellant hurriedly overtook Wade and Miller and without warning struck Wade with the open blade of his pocket-knife. The evidence is undisputed that appellant did strike decedent with his pocket-knife about one and one-half inches above the clavicle on the inner third of the right side of the chest, the blade penetrating inwardly and downwardly, cutting between the lungs and the pleura and causing a deep penetrating wound into the lung; that the blade of the pocket-knife used broke off and remained in the body of Wade until later removed by a physician; that as a result of the injury traumatic pneumonia set in, from which Wade died some days afterward.

■ Appellant complains that the trial court incorrectly and erroneously stated the law and thereby misled the jury, as follows: "The court instructs the jury that threats alone never justify a homicide or an attempt to take life though admissible in evidence to throw light on the circumstances surrounding the moment of the affray." We cannot agree with this contention. The instruction was a correct pronouncement of the law.

■ Appellant further contends that the evidence was insufficient to warrant or sustain the conviction of the appellant, claiming that the evidence as a whole was reasonably reconcilable with the hypothesis of innocence. There being ample evidence in the record to sustain the verdict of guilty, this court will not disturb the finding of the jury thereon.

■ It is further contended that the degree of the crime at best is manslaughter and not second degree murder, and in support thereof appellant cites *People* v. *Elmore*, 167 Cal. 205 [138 Pac. 989, 991]. The facts in the Elmore case differ from the facts in the case at bar. In the Elmore case the stabbing occurred in the heat of passion during a fight with the deceased in which the decedent was the aggressor. It was said therein: "All the circumstances tend to show that Elmore was acting in good faith and really desired to avoid any quarrel or difficulty."

From all the testimony in the case at bar the jury had a right to believe and by the verdict evidently did believe the witness who testified that appellant subsequently ran after Wade and, upon overtaking him and Miller deliberately and without any necessity stabbed Wade. The evidence being in conflict, and there being sufficient evidence to support the verdict, this court will not disturb same.

No other points need be discussed.

Judgment and order affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.